# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

ZIMMRA FOSTER,                                                          PETITIONER

v.                                                                          No. 2:05CV167-B-B

WARDEN THOMAS G. TAYLOR, ET AL.                                         RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the August 25, 2005, *pro se* petition of Zimmra Foster (# R7416) for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the instant petition as untimely filed. The petitioner has not responded. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed as untimely filed.

### Facts and Procedural Posture

Petitioner Zimmra Foster was convicted of felony child abuse in the First Judicial District of the Circuit Court of Bolivar County, Mississippi and sentenced to serve a term of fifteen years in the custody of the Mississippi Department of Corrections. On September 11, 2001, the Mississippi Court of Appeals affirmed Foster's conviction and sentence. *Foster v. State,* 794 So. 2d 301 (Miss. App. 2001) (Cause No. 1999-KA-00034-COA). The petitioner did not seek discretionary review in state court by filing a petition for rehearing in the supreme court under MISS. R. APP. P. 40. On July 20, 2004, the petitioner filed an "Application for Leave to Proceed in the Trial Court" in the Mississippi Supreme Court. The Mississippi Supreme Court denied that application on September 1, 2004. (Cause No. 2004-M-01434).

**Discussion**

This case is governed by 28 U.S.C. § 2244(d), which provides:

(D)(1) *A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –*

    (A) *the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review*;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2) (emphasis added).

The petitioner did not seek the first step of discretionary review in the Mississippi Supreme Court, thus stopping the appellate process; as such, he could not pursue further direct review in the Mississippi Supreme Court – or in the United States Supreme Court. *Roberts v. Cockrell,* 319 F.3d 690 (5th Cir. 2003). The petitioner's conviction thus became final, and the statute of limitations for federal *habeas corpus* relief began to run, when the time for seeking further direct review in the state court expired, fourteen days after his conviction was affirmed on

-2-

direct appeal. MISS. R. APP. P. 40(a) (allowing fourteen days to file a petition for rehearing in state court after direct appeal is affirmed). Under this analysis, the petitioner's conviction became final September 25, 2001 (September 11, 2001 + fourteen days).

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date that he delivered the petition to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). The federal petition was therefore filed sometime between the date it was signed on June 27, 2005, and the date it was received and stamped as "filed" in the district court on August 25, 2005. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 1,006 days after the September 25, 2002, deadline. The petitioner cannot avail himself of statutory tolling because he filed his state application for post-conviction relief on July 20, 2004 – well over a year after the federal *habeas corpus* deadline had already expired. 28 U.S.C. § 2244(d)(2). The petitioner has not set forth any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999). As such, the instant petition shall be dismissed with prejudice as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 29th day of September, 2006.

/s/ Neal Biggers

NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE